**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CONSTANTINO ROBLES,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:14-CV-1306-M-BH** |
| | § | |
| **ARCHER WESTERN CONTRACTORS,** | § | |
| **LLC,** | § | |
| **Defendant.** | § | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the standing order of reference dated December 1, 2014 (doc. 45), this case was referred for pretrial management, including the determination of non-dispositive motions and the issuance of findings, conclusions, and recommendations on dispositive motions.  Before the Court are *Plaintiff's Motion for Leave to File His Amended Complaint and Brief in Support*, filed December 10, 2014 (doc. 48); *Defendant's Motion to Drop Dispensable Parties Under Rule 21 and Brief*, filed October 6, 2014 (doc. 24); *Dallas Water Utilities' Motion to Dismiss Claims Against Dallas Water Utilities and Brief in Support*, filed November 19, 2014 (doc. 38); and *Plaintiff's Motion for Remand and Brief in Support,* filed October 27, 2014. (doc. 31.)  Based on the relevant filings and applicable law, the plaintiff's motions for leave to amend his complaint and for remand should both be **GRANTED**, and the defendant's motion to drop dispensable parties and the motion to dismiss should both be **DENIED AS MOOT**.

**I. BACKGROUND**

On March 4, 2014, Constantino Robles (Plaintiff) sued Archer Western Contractors, LLC (Archer Western), in the 44th Judicial District Court in Dallas County, Texas, for negligence. (doc.

1 at 5-15.)[1]  He claimed that he was injured while working for Archer Western at the East Side Water Treatment Plant owned by the City of Dallas.  (doc. 15 at 2.)  Archer Western, a corporate citizen of Delaware, removed the case to federal court on diversity grounds on April 10, 2014. (doc. 1.)

On August 5, 2014, the Court issued a scheduling order setting pretrial and trial deadlines, including a deadline for the parties to join additional parties and amend their pleadings by September 22, 2014. (doc. 9 at 1-2.)  Plaintiff timely amended his complaint to add the Estate of Frank Garza (the Estate) and Dallas Water Utilities (DWU) as additional defendants.  (doc. 15.)  The record does not reflect service of process upon the Estate, and it has not appeared.

On October 27, 2014, after amending his complaint, Plaintiff filed his motion to remand to state court under 28 U.S.C. § 1447(e). (doc. 31 at 3, 6-7.)  Archer Western filed a response, and that motion is ripe for determination.

On November 19, 2014, DWU moved to dismiss the claims against it on grounds that it is a non-jural entity that may not be sued. (doc. 38.)  On December 10, 2014, Plaintiff responded to DWU's motion to dismiss and moved for leave to amend his complaint in order to substitute the City of Dallas for DWU and the personal representative of the Estate for the Estate. (*See* doc. 48 at 4.) DWU does not oppose Plaintiff's motion to amend. (*Id.* at 14.)  Archer Western opposes the motion on grounds that it seeks to add new defendants and was filed after the deadline for amendments in the scheduling order without good cause.  (docs. 50, 56 at 2-3.)

The trial setting and all unexpired pretrial deadlines were vacated on December 15, 2014 (doc. 51), and have not yet been reset.

---

[1] Citations refer to the cm/ecf system page number at the top of each page, rather than the page numbers at the bottom of each filing.

## II. MOTION FOR LEAVE TO AMEND

Plaintiff moves for leave to amend under Federal Rules of Civil Procedure 16 and 15.

**A.**     **Rule 16(b)**

Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings where, as in this case, the deadline in a scheduling order has expired. *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005); *Am. Tourmaline Fields v. Int'l Paper Co.*, No. 3:96-CV-3363-D, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.)   "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S&W Enters., L.L.C. v. South Trust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003).   In *S&W Enterprises*, the Fifth Circuit considered four factors in deciding whether an untimely motion for leave to amend should be granted: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Id.* (citing *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

*1.     Explanation*

The first factor requires an explanation for the failure to timely amend. *Id.*   Courts have found sufficient explanation  in cases involving developments in applicable law and when new facts become known through depositions and document production while the case is pending. *See Settlement Capital Corp., Inc. v. Pagan*, 649 F.Supp.2d 545, 566-67 (N.D. Tex. 2009); *Roessner v. Employee Term Life*, 589 F.Supp.2d 174, 177-78 (D.Conn. 2008).   Courts have not found sufficient explanation when a scheduling mistake caused a missed deadline, a party misunderstand a statute, or a party did not

understand the scheduling order. *See e.g., Regions Bank v. Law Offices of Sherin Thawer, P.C.*, No. 3:11-CV-1285-L, 2012 WL 1191850, at *6 (N.D. Tex. Apr. 10, 2012) (denying a motion to amend because Plaintiff could not identify a "reasonable explanation for the delay"); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) (a scheduling mistake in counsel's office was not a "satisfactory explanation for which relief may be granted."); *Sun River Energy, Inv. v. McMillan*, No. 3:13-CV-2456-D, 2014 WL 4771852, at *4 (N.D. Tex. Sept. 25, 2014) ("misunderstanding of the law, however, constitutes mere inadvertence, which is tantamount to no explanation at all.") (internal quotation marks omitted); *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F.Supp.2d 845, 850 (5th Cir. 2004) ("a party's failure to meet a deadline due to mere inadvertence is tantamount to no explanation at all.") (internal quotation marks omitted).

Here, Plaintiff contends that Archer Western listed the Assistant Director of Capital Improvements as working for the "City of Dallas Water Utilities" in its Rule 26 Disclosures, and that it did not produce its contract for the East Side Water Treatment Plant until November 7, well after the September 22 amendment deadline. (doc. 48 at 6-7.) "Consequently, Plaintiff's attorney did not know that the City of Dallas was the proper Defendant, rather than Dallas Water Utilities, until at least that date." (*Id*. at 7.) Archer Western contends that this is "more of an excuse than an explanation", and that it provided several other documents to Plaintiff that would have made him aware of the same information regarding the ownership of the work site. (doc. 56 at 3.) Plaintiff has provided an explanation based on new information that it gained after the deadline to amend. Accordingly, he has provided a sufficient explanation for amendment.

## 2. *Importance of the Amendment*

Under factor two, Plaintiff needs to identify the importance of his untimely amendment. It is

undisputed that his claims against both the Estate and DWU are subject to dismissal. (doc. 48 at 7; doc. 56 at 15.)  Plaintiff now seeks to amend his complaint to correctly name the proper defendants in order to preserve his claims.  He has sufficiently identified the importance of his amendment.

### 3.      *Potential Prejudice*

Factor three requires consideration of the potential prejudice that Plaintiff's amendment will cause Archer Western.  Although courts have not directly defined prejudice in the Rule 16(b) context, "prejudice" is generally defined as "[d]amage or detriment to one's legal rights or claims." BLACK'S LAW DICTIONARY (10th ed. 2014).  Courts have found prejudice to a defendant when amendments would delay trial, restart a case at an earlier stage, or otherwise unfairly limit a parties ability to present their case at trial. *See, e.g.*, *Navarro v. Microsoft Corp*, 214 F.R.D. 422, 424 (N.D. Tex. 2003) (court found prejudice even though the new causes of action in the proposed amended complaint were "virtually identical," because the defenses were not necessarily the same); *King v. Life School*, No. 3:10–CV–0042–BH, 2011 WL 5242464, at *2 (N.D. Tex. Nov. 3, 2011) (court found potential prejudice when "allowing the new claims would require essentially restarting the lawsuit for amended pleadings, discovery, and motions"); *Neely v. Khurana*, No. 3:07–CV–1344–D, 2009 WL 1605649, at *5-6 (N.D. Tex. June 5, 2009) (court found defendant would be prejudiced if the discovery period was extended because the case had been pending for 18 months and was in an advanced stage).

Here, the only potential prejudice identified by Archer Western is "the loss of its properly invoked federal diversity jurisdiction", allegedly because the amended complaint adds entirely new parties. (doc. 56 at 4.)  It has not alleged that granting leave will be detrimental to its legal rights in any other way or limit its ability to present its case at trial.  Remand is mandated when a non-diverse defendant is joined following removal on diversity grounds, however.  *See* 28 U.S.C. § 1447(e).  As

long as a non-diverse party was properly joined, then Archer Western will not be prejudiced.

### 4.      *Availability of a Continuance*

Factor four allows consideration of a continuance to cure any potential prejudice to a defendant. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996); *see S&W Enters.,* 315 F.3d at 536.  Courts are not required to grant a continuance in all cases, however.  *See Region Bank*, 2012 WL 1191850, at *5 (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997)).  The decision to grant a continuance is within the sound discretion of the court. *S&W Enters.,* 315 F.3d at 537.  Here, the scheduling order has already been vacated, so there is no need for a continuance to correct any prejudice that may occur.

After weighing the factors, the Court finds that Plaintiff has shown good cause for modifying the scheduling order.  Accordingly, analysis of his motion under the more liberal Rule 15(a) standard is appropriate. *See S&W Enters.,* 315 F.3d at 536.

## B.      <u>Rule 15(a)</u>

Archer Western contends that leave to amend should not be granted because the City of Dallas and the personal representative of the Estate are new parties, and it will be prejudiced by "the loss of its properly invoked federal diversity jurisdiction".  (doc. 56 at 4.)  Plaintiff contends that he is merely correcting the names of non-jural parties that he previously named as defendants.  (doc. 48 at 4.)

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend his pleading once as a matter of course within 21 days after serving it, or if a responsive pleading is required, within 21 days of receiving the responsive pleading or a motion under Rule 12(b), (e), or (f).  Otherwise, a party may amend only with leave of court or the opposing parties' consent. Fed. R. Civ. P. 15(a)(2).  Rule 15(a) evinces a bias in favor of amendment and requires that leave be granted "freely." *Chitimacha*

*Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982).  A court's discretion to

grant leave is severely limited by the bias of Rule 15(a) favoring amendment.  *Dussouy v. Gulf Coast*

*Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).  Leave to amend should not be denied unless there is

a *substantial reason* to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998).  There is a

substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to

the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures

to cure deficiencies with prior amendment, or if the amendment is futile.  *Foman v. Davis*, 371 U.S.

178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765,

770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

### 1.    *Non-Jural Entities*

"[W]hen a plaintiff fails to sue the proper party and instead sues a non-jural entity, the court

may grant leave to amend after considering the timeliness of the motion, any unfairness to the proper

defendants, and whether any prejudice may arise from the denial of leave to amend." *Cortez v.*

*Havens*, No. 3:14-CV-1044-B, 2014 WL 6861245, at *4 (N.D. Tex. Dec. 5, 2014) (citing *Darby  v.*

*Pasadena Police Dept.*, 939 F.2d 311, 314-15 (5th Cir. 1991); *Chitimacha Tribe of La. v. Harry L.*

*Lewis Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982); *Chancery Clerk of Chickasaw Cnty., Miss. v.*

*Wallace*, 646 F.2d 151, 160 (5th Cir. 1981)).  In *Darby*, the Fifth Circuit noted that "[t]o regard the

plaintiffs' selection of the wrong government officials in mounting this suit as anything more than a

remedial pleading defect . . . would be to elevate form over substance."  939 F.2d at 315 (analyzing

the misidentification of a non-jural police department instead of the city in a suit filed under Title VII

of the Civil Rights Act) (citation omitted).  It went on to state that "[w]hile [Plaintiff] may have filed

his suit improperly, it certainly did not prejudice [Defendant] in any way" because "[Defendant]

received actual notice of the claim against it[,]. . . . the City's attorney has been defending the case all along, and himself believed that the case properly was filed against the department." *Id.*

Here, Archer Western never disputed that Plaintiff intended to actually sue the City of Dallas and the personal representative of the Estate, that the City of Dallas actually knows about the case, that the Dallas City Attorney's Office has been representing DWU, or that the Dallas City Attorney's Office has not objected to Plaintiff's motion to amend. (*See* docs. 38, 56.)  Plaintiff filed his motion shortly after becoming aware that he sued non-jural entities, allowing the amendment will not be unfair to the jural entities, and Plaintiff will be prejudiced if leave to amend is denied. Accordingly, the facts support allowing amendment of the complaint to name the correct jural entities.

### 2.     *Non-Diverse Defendants*

Archer Western also complains that allowing the amendment will lead to "the loss of its properly invoked federal diversity jurisdiction" because the City of Dallas and the personal representative of the Estate are new parties. (doc. 56 at 4.)

"[W]hen faced with an amended pleading naming a new nondiverse defendant in a removed case, [a court] should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

> In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, the court should consider [1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted. If it permits the amendment of the nondiverse defendant, it then must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction.

*Id.*

###### a.   *Purpose of the amendment*

To determine whether a plaintiff intends to use a proposed amendment to defeat subject matter jurisdiction, the first *Hensgens* factor, courts consider the viability of the plaintiff's claims against proposed non-diverse defendants. *AMX Environmental Evolution, Ltd. v. Carroll Fulmer Logistics Corp.*, No. 3:08–CV–0908–G, 2009 WL 972994, at *3 (N.D. Tex. Apr. 9, 2009) (Fish, J.). They also consider the plaintiff's reasons for delaying pursuit of those claims. *Bramlett v. Med. Protective Co. of Fort Wayne, Indiana*, No. 3:09–CV–1596–D, 2010 WL 1491422, at *5 (N.D. Tex. Apr. 13, 2010) (Fitzwater, C.J.). Where the proposed claims are viable, "it is unlikely that the primary purpose of the amendment is to destroy diversity jurisdiction," and this factor favors joinder. *McNeel v. Kemper Cas. Ins. Co.*, No. 3:04–CV–0734–G, 2004 WL 1635757, at *2 (N.D. Tex. July 21, 2004) (Fish, J.); *accord AMX Environmental Evolution*, 2009 WL 972994, at *3. To the extent that viability of the claim is unclear, courts analyze the claims in the light most favorable to the plaintiff. *See Holcomb v. Brience, Inc.*, No. 3:01–CV–1715–M, 2001 WL 1480756, at *2 (N.D. Tex. Nov. 20, 2001) (Lynn, J.) ("If, as [the plaintiff] is representing to the Court, [the plaintiff] has an intention to pursue recovery from [non-diverse defendants], the Court should not deny her the opportunity to bring all her related claims in one suit."); *McNeel*, 2004 WL 1635757, at *4 (finding that during the early stages of a case, "court[s] must evaluate the factual allegations in the light most favorable" to the plaintiff).

###### i.   *City of Dallas*

Here, Plaintiff alleges that the "CITY OF DALLAS . . . owed a duty of care to Plaintiff" and that it "was negligent because its employees and authorized agents failed to supervise work being done on its property and by failing to adequately warn Plaintiff of the hazards and conditions of existing

in the enclosed space on its property before Plaintiff was instructed to work in that enclosed space." (doc. 48-1 at 2, 7.)  "Generally, a premises owner does not have a duty to ensure that an independent contractor safely performs his work." *Rodriguez v. Brooks Pari-Automation, Inc.*, No. 3:03-CV-00515–L, 2003 WL 21517851, at *3 (N.D. Tex. June 30, 2003) (citing *Koch Refining Co. v. Chapa*, 11 S.W.3d 153, 155 (Tex. 1999)).  However, "[t]he law imposes on a premises owner a duty to use reasonable care to keep the premises under his control in a safe condition for a business invitee, such as an independent contractor." *Pope v. E.I. Du Pont De Nemourus & Co., Inc*, No. H–12–2660, 2014 WL 3511020 (S.D. Tex. July 14, 2014) (citing *Redinger v. Living, Inc*., 689 S.W.2d 415, 417 (Tex. 1985)) (citations omitted).

"There are two types of premises liability claims: (1) defects that exist when the independent contractor enters the premises and (2) defects which the independent contractor's work activity creates." *Id.* (citing *Dow Chem. Co. v. Bright*, 89 S.W.3d 602, 606 (Tex. 2002)) (citation omitted). "If the defect preexists the independent contractor's entry onto the premises, the owner has a duty to inspect the premises and warn of the defects of which he knows or should have known." *Id*. (citing *Clayton W. Williams, Jr. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997)) (citation omitted).  "If the defects arise after his entry, the owner generally has no duty to the independent contractor or its employees unless it retains a right to exercise or exercises some control over the manner of the independent contractor's work." *Id*. (citing *Bright*, 89 S.W.3d at 606; *Redinger*, 689 S.W.2d at 418).  Analyzed in the light most favorable to Plaintiff, he has identified a viable claim against the City of Dallas. Although he has not identified a reason for waiting until removal to federal court to include this defendant in his suit, this alone is not determinative.  Accordingly, this factor weighs in favor of allowing the proposed amendment.

### ii.        Personal Representative of the Estate of Frank Garza

Plaintiff alleges that "Frank Garza was a individual whose negligent actions proximately caused Plaintiff's injuries by causing Plaintiff to enter the confined space," and that he "is liable to Plaintiff for negligence due to Mr. Garza's breach of duties which he owed Plaintiff as his co-worker . . . ." (doc. 48-1 at 2, 7.)  "Texas law generally imposes no duty to take action to prevent harm to others absent certain special relationships or circumstances." *Eckhardt v. Qualitest Pharm. Inc*., 889 F.Supp.2d 901, 910 (S.D. Tex. 2012) (quoting *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2000)).  Plaintiff has not identified any such special relationship or circumstance.  Additionally, he has provided no reason for waiting until after removal to federal court to add the personal representative of the Estate as a defendant.  Accordingly, even when viewed in a light most favorable to Plaintiff, this factor does not weigh in favor of allowing the proposed amendment.

### b.        Dilatoriness

District courts in the Fifth Circuit generally analyze the dilatoriness of an amendment, the second *Hensgens* factor, by referring to the amount of time that has passed since the original filing and the removal. *See Holcomb*, 2001 WL 1480756, at *2; *see also Schindler v. Charles Schwab & Co., Inc*., No. Civ.A.05–0082, 2005 WL 1155862, at *4 (E.D. La. May 12, 2005); *Rosa v. Aqualine Res., Inc*., No. 3:04–CV–0915–B, 2004 WL 2479900, at *3 (N.D. Tex. Oct. 28, 2004) (Boyle, J.). "[A]mendments adding non-diverse defendants are not dilatory if plaintiffs pursue them early in the litigation." *Patton*, 2013 WL 2495653, at *3 (citing *Holcomb*, 2001 WL 1480756, at *2; *Akbani v. TRC Engineers, Inc*., No. 3:09–CV–1154–M, 2009 WL 2614473, at *3 (N.D. Tex. Aug. 25, 2009) (Lynn, J.)).  In applying the *Hensgens* factors, the court in *Smith v. Robin America, Inc*., held that a motion to amend was not dilatory so long as it occurred according to the scheduling order deadline.

*Smith v. Robins America, Inc.*, No. H–08–3565, 2009 WL 2485589, at *6 (S.D. Tex. Aug. 7, 2009) (citing *Jones v. Rent–A–Center East, Inc.*, 356 F.Supp.2d 1273, 1276 (M.D. Ala. 2005)).

Here, Plaintiff's motion for leave to add the non-diverse parties was filed after the deadline for amended pleadings in the scheduling order. (*See* docs. 9, 48.)  He originally amended his complaint to add the Estate and DWU according to the scheduling order, however.  (*See* docs. 9, 15.)  He now seeks to name the proper jural entities in place of those non-jural entities, and he did not unduly delay in seeking to amend after discovering that he had named non-jural entities.  Accordingly, the Court finds that amendment was not dilatory.  This factor weighs in favor of permitting joinder.

### c.   *Injury to Plaintiff*

As for whether the plaintiff will be injured if the amendment is not allowed, "[t]he main concern expressed in *Hensgens* was the possibility of parallel federal and state proceedings." *Holcomb*, 2001 WL 1480756, at *3.  When claims against a proposed non-diverse defendant derive from the same set of facts or legal questions as claims against an existing defendant, denying joinder burdens plaintiff with the increased time and expense associated with litigating parallel cases. *See Ellender v. Rite Aid Pharmacy*, No. 08–0722, 2008 WL 4200716, at *2 (W.D. La. Sept. 8, 2008); *AMX Environmental Evolution*, 2009 WL 972994, at *4.

In *AMX Environmental Evolution*, the plaintiff's claims against the existing defendant and the proposed non-diverse defendant arose from the same diesel spill, resulting in "considerable overlap in the facts relevant to each cause of action." *AMX Environmental Evolution*, 2009 WL 972994, at *4. The court held that the plaintiff would "inevitably" suffer "significant prejudice" if "joinder . . . were disallowed" because, in part, "the cost to plaintiff of pursuing these [parallel] actions would necessarily increase." *Id*.

Here, Plaintiff's claims against Archer Western, the personal representative of the Estate, and the City of Dallas share common facts. Denying joinder would require duplicative efforts and increased cost to Plaintiff and cause significant injury. "The Court must take the Plaintiff at [his] word at this stage in the case. If, as [he] is representing to the Court, [he] has an intention to pursue recovery from [the new defendants], the Court should not deny [him] the opportunity to bring all of [his] related claims in one suit." *Holcomb*, 2001 WL 1480756, at *2. Accordingly factor three weighs in favor of permitting joinder.

### d.   *Equitable factors*

"Remaining equitable considerations include honoring a defendant's choice of forum, avoiding inconsistent outcomes, and promoting judicial economy." *Patton*, 2013 WL 2495653, at *4. In *Akbani*, the Court found that the fourth factor weighed against joining a non-diverse defendant because the existing defendant would have been "deprived of the federal forum they properly invoked."*Akbani*, 2009 WL 2614473, at *4. Like the defendant in *Akbani*, Archer Western has a legitimate interest in maintaining the federal forum it chose, but this consideration is not determinative on its own. *See id.*

While balancing factors, the choice of federal forum is "outweighed by the likelihood of judicial inefficiency and the possibility of inconsistent outcomes." *Patton*, 2013 WL 2495653, at *4 (citing *AMX Environmental Evolution*, 2009 WL 972994, at *4 (finding that parallel actions are "generally disfavored since separate proceedings . . . increase the possibility of conflicting outcomes."); *Schindler*, 2005 WL 1155862, at *5 (holding that the facts favored allowing joinder because "duplicative lawsuits arising out of the same facts in two different courts [could] . . . potentially lead to inconsistent results.")). As in *AMX Environmental Evolution* and *Schindler*, parallel cases in this dispute would waste judicial resources and could lead to inconsistent rulings.

As discussed above, the claims against all three defendants involve the same incident.  Parallel litigation would require two courts to manage this controversy, and different the triers of fact in the separate proceedings could arrive at contradictory conclusions.  These results should be avoided, so this factor weighs in Plaintiff's favor.

On balance, application of the *Hensgens* factors weigh in favor of permitting joinder of the City of Dallas and the personal representative of the Estate, so there is good case to allow amendment.  Even if the City of Dallas and the personal representative of the Estate are considered new parties, joinder is proper and there is good cause to allow amendment.  Any prejudice to the only defendant who has objected is limited, and there appears to be no substantial reason to deny Plaintiff leave to amend his complaint at this stage.

### III. MOTIONS TO DROP DISPENSABLE PARTIES AND TO DISMISS

Archer Wester moves to drop DWU and the Estate as parties under Rule 21. (doc. 24 at 1.)  DWU moves to have all claims against it dismissed pursuant to Rule 12(b)(6) on the grounds that it is a non-jural entity and does not have the capacity to be sued. (doc. 38.)  It has been recommended that Plaintiff be granted leave to amend his complaint to name and substitute the proper defendants in place of DWU and the Estate.  Because the amended complaint does not assert any claims against these two parties, the motions to drop them and dismiss any claims against them will be rendered moot if amendment is allowed.

### IV. MOTION TO REMAND

Plaintiff seeks to have the case remanded to state court under 28 U.S.C. § 1447(e). (doc. 31 at 3, 6-7.)  He contends that the addition of a non-diverse defendant requires that this case be remanded back to state court under 28 U.S.C. § 1447(e). (doc. 31 at 3, 6-7.)

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).  Accordingly, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000 exclusive of interests and costs, and there is diversity of citizenship. 28 U.S.C. § 1332(a). Here, Archer Western removed this case on the basis of diversity jurisdiction, (*see* doc. 1 at 1), and it is undisputed that diversity jurisdiction existed at the time of removal.  It has been recommended that Plaintiff be granted leave to amend his complaint to name the personal representative for the Estate and the City of Dallas as defendants.

"It is well settled that for the purposes of diversity of citizenship, political subdivisions are citizens of their respective States." *Illinois v. City of Milwaukee, Wis.*, 406 U.S. 81, 97-98 (1972) (citations omitted).  "If a political subdivision is a citizen for diversity purposes, then it would make no jurisdictional difference whether it was the plaintiff or defendant in such an action." *Id.*  The City of Dallas is a citizen of Texas for diversity purposes.[2]

---

[2] "[T]he legal representative of the estate of a decedent is deemed to be a citizen of the same state as the decedent for diversity purposes." *Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 447 (5th Cir. 2003) (citing 28 U.S.C. § 1332(c)(2)).  Plaintiff did not identify the state of which Frank Garza

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).  "[P]ost-removal joinder of non-diverse defendants . . . destroys diversity for jurisdictional purposes and requires remand." *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999).  "[C]ourts have discretion in permitting joinder, but if they so permit, remand is required. This applies not only when a court permits joinder pursuant to Rules 19 or 20, but also when the court grants plaintiff leave to amend her complaint to add non-diverse defendants." *Patton*, 2013 WL 2495653, at *1 (citing *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171–72 (5th Cir. 2009)).

If Plaintiff is allowed to amend his complaint to include at least one non-diverse defendant, diversity jurisdiction will no longer exist, and the case should be remanded.

## V. RECOMMENDATION

Plaintiff's motions for leave to amend and to remand should both be **GRANTED**, and Archer Western's motion to drop dispensable parties and Dallas Water Utilities' motion to dismiss should both be **DENIED AS MOOT**.

**SIGNED this 24th day of July, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

was a citizen at the time of his death, so his citizenship is unclear.

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

 A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE